Erna LOW, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary, Health, Education and Welfare, Defendant.

No. 72 C 484.

United States District Court, N. D. Illinois, E. D.

May 23, 1973.

Taylor, Miller, Magner, Sprowl & Hutchings, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., by J. K. Toohey, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

In this action plaintiff seeks to review under 42 U.S.C. § 405(g) a final decision of the Secretary of Health, Education and Welfare denying the payment of benefits on her behalf for services provided to her as an inpatient at Michael Reese Hospital during the period from January 31, 1969 to February 26, 1969. Since the basic facts are undisputed and the case may be resolved as a matter of law, the defendant has filed a motion for summary judgment. The issue before this court is whether there is substantial evidence to support the Secretary's decision to deny benefits for the reason that the services provided were custodial in nature and therefore excluded from coverage under 42 U.S.C. § 1395y(a)(9).

Erna Low was entitled to receive Medicare benefits, 42 U.S.C. § 1395 et seq., when at age 67 she was admitted to Michael Reese Hospital for a sprained right ankle. On the advice of her attending physician she remained in the hospital from January 8, 1969 to February 26, 1969, nearly two months. It was not until March 23, 1970, however, that she learned of the Social Security Administration's refusal to pay for 25 of those days because of the determination of Michael Reese's "Utilization Review Committee" that her hospitalization was unnecessary after January 31, 1969. That committee met to consider Mrs. Low's case on June 26, 1969, four months after she left the hospital.

In order to qualify as a "provider" of hospital services reimbursable by Medi-care, a hospital must establish a Utilization Review Committee, composed of two or more physicians, which periodically certifies the medical need for the hospitalization of each Medicare patient. 20 C.F.R. §§ 405.1035(e)(1), 405.1627. An initial certification of Mrs. Low's need for hospitalization was required within 14 days after she was admitted and periodic recertifications should have been made thereafter in accordance with 20 C.F.R. § 405.1627(b). Clearly, none of this was done until four months after her discharge and then by only one physician as opposed to the required two. Mrs. Low claims that the Social Security Administration cannot now deny her reimbursement when its own regulations were not even followed. I regretfully disagree.

■■ Similar claims were made on behalf of a Medicare patient in Baker v. Richardson, Civil No. 20315–2 (W.D. Mo., filed September 22, 1972) and there the court ruled, "When the hospital fails to provide a timely review, the effect is not to make non-reimbursable expenses reimbursable, but to preclude or limit the hospital from participating as a provider of services under the Act." Baker v. Richardson, *supra* at 8. That Mrs. Low may have justifiably relied on her physician's advice and the lack of notice that Medicare would not cover the costs of her entire stay is simply irrelevant to an action to review the Secretary's decision under 42 U.S.C.A. § 405(g), despite its obvious relevance as an estoppel defense in an action by the hospital to collect the unpaid bill. The law clearly does not cover custodial services and it it is equally as clear that substantial evidence supports the Secretary's determination that such was the quality of the services Mrs. Low received. I must, therefore, direct the entry of summary judgment in favor of defendant. Case dismissed.